COLE, Judge.
Plaintiffs-appellees seek a declaratory judgment decreeing Charles Rogers to be the lawful owner of a certain piece of immovable property. One link in Roger’s title, an alleged dation en paiement, has been lost. The issue is whether appellees have proven by a preponderance of the evidence that the dation was in fact executed and lost. After thoroughly examining the record we conclude the trial court was not clearly wrong in ruling in appellees’ favor, therefore we affirm.
On September 28, 1970, Otis Williams borrowed $3,420.00 from Gulfco Finance Company of Livingston, Inc. (Gulfco). As security for the loan, Williams pledged a collateral mortgage note previously executed and which was, in turn, secured by a mortgage on his 6.9 acre tract of land located in Livingston Parish. Sometime in 1971 it became apparent Mr. Williams was not able to make his monthly payments, therefore Gulfco instituted foreclosure proceedings. In the meantime, a group of businessmen informed Gulfco they were interested in purchasing the property. The foreclosure proceedings were halted and Williams allegedly executed a dation en paiement whereby he transferred ownership of the property to Gulfco, in exchange for release from the debt. Appellees Jerry Bunch, Joseph DePaula and Nealious Wheat purchased the property from Gulfco, and also bought a contiguous tract from Whitney National Bank. In 1973 appellees sold the property to Charles Rogers.
In 1979 Rogers became aware of a defect in his chain of title. Otis Williams was still the record owner of the property because the dation had not been recorded. Rogers and his ancestors in title filed suit for a declaratory judgment decreeing Rogers to be the lawful owner of the property.
Evidence presented at trial established it was more probable than not that the dation was executed. Jerry Bunch, the Notary Public who executed the dation and one of the vendees of the property, testified Mr. Williams came to his office in April of 1972 and executed the dation. Bunch took the document to Gulfco to obtain the other signature and then apparently lost the entire file on the matter. He stated he had no unrecorded or unsigned copies of the document. Mr. Bunch offered into evidence a check written by him to Gulfco, for $3,560.75, the amount then owed to Gulfco by Mr. Williams. Also introduced was a check written to Whitney National Bank, signed by Jerry Bunch, in the amount of $6,700.00. This check was given as payment for the adjacent tract.
Other testimony corroborated Mr. Bunch’s statements. Mr. J. C. Guitreau, assistant manager of Gulfco at the time of the incident, testified he was aware Mr. Williams was giving the property to Gulfco. He stated he saw “the papers” on the property although he did not witness Mr. Williams signing them. Sam Farace, the manager of Gulfco, testified that sometime pri- or to the execution of the dation he sent Mr. Williams to Mr. Bunch’s office when Mr. Williams desired to make a payment on his loan. Mr. Farace recalled Mr. Bunch later delivered some papers concerning the property, signed by Otis and Marie Williams, to the Gulfco office. He signed the papers and returned them to Bunch. Although he did not witness Mr. Williams signing the paper he stated he examined Williams’ signature on the document and found it matched other samples of his signature on file.
At trial Otis Williams unequivocally denied ever having signed any document transferring ownership of his land. He further denied ever having seen Mr. Bunch or having gone to his office. He said he was living in Virginia at the time the dation was allegedly executed. He stated he had been aware foreclosure proceedings had been started but he had never been served with papers. He knew the foreclosure had been halted and assumed there was a judgment against his property with which he would have to deal if he ever wanted to sell the property. He admitted he knew he had not paid his debt to Gulfco but consistently denied any knowledge of an agreement whereby Gulfco became the owner of the property.
*1112 It is well settled in Louisiana that the transfer of immovable property must be in writing. La.Civ.Code art. 2275. (The exception is that a verbal sale is valid as between the parties, when confessed under oath, provided actual delivery has been made.) However, when a party wishes to enforce an obligation evidenced by a written instrument which has been lost or destroyed, evidence may be given of its contents. This permits the establishment of title to an immovable by proving the loss of the written conveyance. La.Civ.Code art. 2279. We find sufficient evidence to establish that the dation was executed and lost.
Aside from Mr. Bunch’s testimony, which the trial court apparently found to be credible, we are influenced by the circumstances surrounding this litigation. Mr. Williams knew he was indebted to Gulfco for a substantial sum, knew foreclosure proceedings had been instituted but withdrawn, and knew he had not paid his debt. He testified he lived in another state from 1972 until 1980 and therefore was not occupying the property. He did not pay the taxes on the property for these years, indicating he may have considered the property no longer belonged to him. (The property was sold in a tax sale and later redeemed on Williams’ behalf by his sister, Mrs. Alma Cutrer.) Although the loss of the important document has not been explained, there is no suggestion of fraud or illegal practices. The crux of the conflict is the directly opposing testimony of Mr. Bunch and Mr. Williams. As always, the trial court is granted much discretion in assessing the credibility of witnesses. This is so because the trial court has the advantage of studying the demeanor and tone of the witnesses, while the appellate court is limited to the mere reading of the testimony. Considering the surrounding circumstances we find it is reasonable to conclude that the dation was in fact executed and ownership of the property was transferred to Gulfco who subsequently transferred it to the various appellees here.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay costs.
AFFIRMED.